**BURSOR & FISHER, P.A.**
Philip L. Fraietta (State Bar No. 354768)
50 Main Street, Suite 475
White Plains, NY 10606
Telephone: (914) 874-0710
Facsimile: (914) 206-3656
Email: pfraietta@bursor.com

*[Additional Counsel Listed on Signature Page]*

*Attorneys for Plaintiffs*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

DASSAH MAKETA, and BRYCE PEPPERS, individually and on behalf of all others similarly situated,

Plaintiffs,

v.

VALNET INC. and VALNET U.S., INC. d/b/a SCREENRANT.COM,

Defendants.

Case No. 3:25-cv-05517-RS

**PLAINTIFFS' OPPOSITION TO DEFENDANTS VALNET INC. AND VALNET US INC.'S MOTION TO STAY DISCOVERY PENDING DECISION ON DEFENDANTS' MOTION TO DISMISS**

Date: February 12, 2026
Time: 1:30 p.m.
Ctrm: 3 – 17 Floor
Judge: Hon. Richard Seeborg

## TABLE OF CONTENTS

**PAGE(S)**


I. INTRODUCTION ..... 1

II. PROCEDURAL BACKGROUND ..... 1

III. LEGAL STANDARD ..... 1

IV. THE COURT SHOULD DENY DEFENDANTS' MOTION TO STAY DISCOVERY ..... 3

- A. First Prong: An Evaluation of the Merits of the Pending Motion to Dismiss Weighs Against Granting a Stay ..... 3
  - 1. Defendants' MTD Argument That The Software Is Not A Pen Register Is Unavailing And Will Likely Fail ..... 3
  - 2. Defendants' MTD Argument That Device Metadata Does Not Qualify as "Dialing, Routing, Addressing, or Signaling Information" Is Unavailing and Will Likely Fail ..... 4
  - 3. Defendants' MTD Argument That Plaintiffs Have No Reasonable Expectation of Privacy In Their IP Addresses Is Unavailing and Will Likely Fail ..... 5
- B. Second Prong: The Court Cannot Decide The Motion To Dismiss Without Additional Discovery and Plaintiffs Have Identified A Need For Further Factual Development or Discovery ..... 6
- C. Staying Discovery Will Cause Prejudice to Plaintiffs And Will Not Promote Court Efficiency ..... 7

V. CONCLUSION ..... 8

## TABLE OF AUTHORITIES

**PAGE(S)**

**CASES**

*Deivaprakash v. Conde Nast Digital*, 798 F. Supp. 3d 1100 (N.D. Cal. 2025) ..... 4, 6

*EHang Inc. v. Wang*, 2021 WL 3934325 (N.D. Cal. Aug. 20, 2021) ..... 3

*Gladstone v. Amazon Web Servs., Inc.*, 739 F. Supp. 3d 846 (W.D. Wash. 2024) ..... 4

*Gray v. First Winthrop Corp.*, 133 F.R.D. 39 (N.D. Cal. 1990) ..... 2

*In re Nexus 6P Products Liab. Litig.*, 2018 WL 3036734 (N.D. Cal. Jun. 19, 2018) ..... 2

*Javier v. Assurance IQ, LLC*, 2022 WL 1744107 (9th Cir. May 31, 2022) ..... 4

*Kwasniewski v. Sanofi-Aventis U.S. LLC*, 2018 WL 1567851 (D. Nev. Mar. 30, 2018) ..... 2

*Ledwidge v. Fed. Deposit Ins. Corp.*, 2025 WL 885845 (N.D. Cal. Mar. 21, 2025) ..... 6

*Lesh v. Cable News Network, Inc.*, 767 F. Supp. 3d 33 (S.D.N.Y. 2025) ..... 5

*Little v. City of Seattle*, 863 F.2d 681 (9th Cir. 1988) ..... 2

*Mirmalek v. Los Angeles Times Communications LLC*, 2024 WL 5102709 (N.D. Cal. Dec. 12, 2024) ..... 5

*Onn v. Carnival Corp.*, 2021 WL 1267264 (N.D. Cal. Apr. 6, 2021) ..... 1, 2

*Pac. Lumber Co. v. Nat'l Union Fire Ins. Co. of Pittsburgh, PA*, 220 F.R.D. 349 (N.D. Cal. 2003) ..... 2

*R.C. v. Sussex Publishers, LLC*, 2025 WL 948060 (N.D. Cal. Mar. 28, 2025) ..... 5

*Rae v. Union Bank*, 725 F.2d 478 (9th Cir. 1984) ..... 2

*San Francisco Tech v. Kraco Enterprises LLC*,
2011 WL 2193397 (N.D. Cal. June 6, 2011) ..... 7

*Scarlett v. Future US, LLC*,
2025 WL 2614587 (Cal. Super. Sep. 05, 2025) ..... 4

*Shah v. Fandom, Inc.*,
754 F. Supp. 3d 924 (N.D. Cal. 2024) ..... 3, 5

*Tradebay, LLC v. eBay, Inc.*,
278 F.R.D. 597 (D. Nev. 2011) ..... 2

*Wenger v. Monroe*,
282 F.3d 1068 (9th Cir. 2002) ..... 2

**STATUTES**

Cal. Civ. Code § 1798.140(v)(1)(A) ..... 5

**RULES**

Fed. R. Civ. P. 12(b)(6) ..... 2

## I. INTRODUCTION

Plaintiffs Dassah Maketa and Bryce Peppers ("Plaintiffs") respectfully submit this Opposition to Defendant Valnet Inc.'s and Defendant Valnet US Inc. d/b/a Screenrant.com's (collectively, "Valnet" or "Defendants") Motion to Stay Discovery ("MTS") pending the outcome of Defendants' Motion to Dismiss ("MTD") (ECF No. 22). Plaintiffs oppose on the grounds that Defendants do not meet their heavy burden to stay discovery.

## II. PROCEDURAL BACKGROUND

On April 29, 2025, in the Superior Court of California, County of Alameda, Plaintiff Dassah Maketa filed a class action on behalf of consumers who visited screenrant.com (the "Website"), alleging that Defendants caused Trackers to be installed on their internet browsers without their consent. ECF No. 1. Defendants filed their Motion to Dismiss the complaint on August 7, 2025. ECF No. 18. The case was removed by Defendants to the United States District Court, Northern District of California, and Plaintiffs Maketa and Bryce Peppers filed a First Amended Complaint ("FAC") on August 28, 2025. ECF No. 21. Defendants filed their MTD the FAC on September 11, 2025. ECF No. 22. Plaintiffs filed their opposition to Defendants' MTD on September 25, 2025. ECF No. 26. On October 2, 2025, Defendants filed their reply. ECF No. 27.

Discovery has commenced. Both parties timely served their initial disclosures on October 9, 2025. Also on October 9, 2025, the parties filed a Joint Case Management Statement in which Plaintiffs' deadline to file their motion for class certification was proposed as November 19, 2026. Plaintiffs served their first set of discovery requests on the Defendants on November 26, 2025. Plaintiffs also served subpoenas for the production of documents on third-party trackers operating on Defendants' Website owned and operated by OpenX, PubMatic, Microsoft (ADNXS), Magnite, Experian, Epsilon, and LiveRamp on November 19, 2025. On December 30, 2025, Defendants filed their MTS. ECF No. 37.

## III. LEGAL STANDARD

"The Federal Rules of Civil Procedure do not provide for automatic or blanket stays of discovery when a potentially dispositive motion is pending." *Onn v. Carnival Corp.*, 2021 WL 1267264, at *1 (N.D. Cal. Apr. 6, 2021) (cleaned up). "Had the Federal Rules contemplated that a

motion to dismiss under Fed. R. Civ. P. 12(b)(6) would stay discovery, the Rules would contain a provision to that effect. In fact, such a notion is directly at odds with the need for expeditious resolution of litigation." *Gray v. First Winthrop Corp.,* 133 F.R.D. 39, 40 (N.D. Cal. 1990). Under Ninth Circuit law, "[a] party seeking a stay of discovery carries the ***heavy burden*** of making a ***'strong showing'*** why discovery should be denied." *Id*. (emphasis added) (internal citation omitted).

Good cause for staying discovery may exist only when the district court is "convinced that the plaintiff will be unable to state a claim for relief." *Wenger v. Monroe*, 282 F.3d 1068, 1077 (9th Cir. 2002) (internal citations omitted). This requires the court to take a "preliminary peek" at the merits of the pending dispositive motion to assess whether a stay of discovery is warranted. *Tradebay, LLC v. eBay, Inc.,* 278 F.R.D. 597, 602 (D. Nev. 2011).

"Courts in this district have applied a two-pronged test to determine whether discovery should be stayed pending resolution of a dispositive motion." *Onn v. Carnival Corp.,* 2021 WL 1267264, at *1 (N.D. Cal. Apr. 6, 2021) (internal citations omitted). "First, a pending motion must be potentially dispositive of the entire case, or at least dispositive on the issue at which discovery is directed. Second, the court must determine whether the pending dispositive motion can be decided absent additional discovery." *Pac. Lumber Co. v. Nat'l Union Fire Ins. Co. of Pittsburgh, PA,* 220 F.R.D. 349, 351 (N.D. Cal. 2003). Critically, the movant must satisfy both prongs to warrant a stay of discovery. *Id*. ("[I]f either prong of this test is not established, discovery proceeds.").

Moreover, "the Ninth Circuit has held under certain circumstances that a district court abuses its discretion if it prevents a party from conducting discovery relevant to a potentially dispositive motion." *Kwasniewski v. Sanofi-Aventis U.S. LLC*, 2018 WL 1567851, at *4 (D. Nev. Mar. 30, 2018).

Moreover, "discovery is appropriate where there are factual issues raised by [a dispositive] motion." *Rae v. Union Bank,* 725 F.2d 478, 481 (9th Cir. 1984). Typically, courts in this District will only grant limited stays of discovery for issues that do not present factual disputes. *See Little v. City of Seattle,* 863 F.2d 681, 685 (9th Cir. 1988) ("Here, the judge stayed discovery until the issue of immunity was decided."); *In re Nexus 6P Products Liab. Litig.,* 2018 WL 3036734, at *2 (N.D.

Cal. Jun. 19, 2018) (court re-examining limited discovery stay for defendant's argument on personal jurisdiction).

Against this backdrop, Defendant fails to carry its "heavy burden" to warrant a stay of discovery.

## IV. THE COURT SHOULD DENY DEFENDANTS' MOTION TO STAY DISCOVERY

### A. An Evaluation of the Merits of the Pending Motion to Dismiss Weighs Against Granting a Stay

Defendants argue that their Motion to Dismiss is "case-dispositive" because the "FAC alleges a single cause of action for alleged violation of California Invasion of Privacy Act" and the MTD "seeks dismissal of that cause of action, and therefore the entire case, on multiple grounds." MTS at 10. But Defendants have not shown that the Motion to Dismiss will be granted without leave to amend. Once the Court takes a "preliminary peek" at the merits of the Defendant's MTD, the Court will likely find that it "cannot determine at this time whether [Defendants are] likely to prevail on the motion or whether leave to amend would be denied if [they] were to prevail" and the Court will conclude that Defendants have not "made the strong showing required to warrant a discovery stay." *EHang Inc. v. Wang,* 2021 WL 3934325, at *2 (N.D. Cal. Aug. 20, 2021).

#### *1. Defendants' MTD Argument That The Software Is Not A Pen Register Is Unavailing And Will Likely Fail*

Defendants' argument that the Software is not a "pen register" as defined under CIPA § 638.50(b) because it does not constitute "dialing, routing, addressing, or signaling information," is wrong. MTS at 11. By taking a "preliminary peek" into the pending MTD (*see* ECF No. 22) and Plaintiffs' Opposition (*see* ECF No. 26), the Court will not be convinced that Defendant's MTD will be case dispositive because Plaintiffs have sufficiently plead that the Software is a "pen register" as defined under CIPA § 638.50(b). Specifically, and as is fully detailed in Plaintiffs' opposition to Defendants' MTD, the plain text of the CIPA, which controls, defines a "pen register" expansively such that it would include the Software, and California Supreme Court precedent and the legislative history support applying the CIPA to Defendants' Software. ECF No. 26 at 3-8; *see also Shah v. Fandom, Inc.*, 754 F. Supp. 3d 924, 930–31 (N.D. Cal. 2024) ("[C]ourts have repeatedly held that [the] provisions of CIPA are not limited to the traditional versions of the tools at issue, based on the

plain language of the statute, the California Supreme Court's pronouncements regarding the broad legislative intent underlying CIPA to protect privacy, and the California courts' approach to updating obsolete statutes in light of emerging technologies." (cleaned up); *Javier v. Assurance IQ, LLC*, 2022 WL 1744107, at *1 (9th Cir. May 31, 2022) ("Though written in terms of wiretapping, [the second clause of CIPA] Section 631(a) applies to Internet communications."); *Gladstone v. Amazon Web Servs., Inc.,* 739 F. Supp. 3d 846, 856 (W.D. Wash. 2024) (holding that "'device,' as used in [CIPA] Section 632, can include software"); *Gilligan, et al. v. Experian Data Corporation, et al.* (N.D. Cal. January 6, 2026), 3:25-cv-02873-RFL, ECF No. 51 (rejecting "Experian['s] argu[ment] that the Tapad pixels do not meet the definition of a 'pen register' under the meaning of CIPA because they involve internet technology, not telephone lines. This Court previously found that similar internet tracking technology qualifies as a pen register" and "[t]he reasoning of *Shah* is equally applicable here").

Thus, Plaintiffs have sufficiently pled that the Software is a pen register which weighs against granting a stay of discovery.

*2. Defendants' MTD Argument That Device Metadata Does Not Qualify as "Dialing, Routing, Addressing, or Signaling Information" Is Unavailing and Will Likely Fail*

Defendants' argument that the "Device Metadata like the type of browser, screen size/resolution, or time zone" does not qualify as "dialing, routing, addressing, or signaling information" is also wrong. MTS at 11. As discussed fully in its Opposition brief, Plaintiffs note that courts have held such pieces of information to constitute "routing, addressing, or signaling information" within the meaning of the CIPA. *See, e.g., Deivaprakash v. Conde Nast Digital*, 798 F. Supp. 3d 1100 (N.D. Cal. 2025) (sustaining CIPA claim where the "unique user ID, the user's IP address, and/or Device Metadata …are alleged to be the routing, signaling, or addressing information at issue") (cleaned up); *Scarlett v. Future US, LLC*, 2025 WL 2614587, at *4 (Cal. Super. Sep. 05, 2025) (same based on collection of "the IP address, Device Metadata, and unique user IDs … transmitted by Plaintiff's and the Class's computers or smartphones") (cleaned up); see *also* ECF No. 26 at 8-9.

Thus, Plaintiffs have sufficiently pled that the Device Metadata are routing, addressing or signaling information which weighs against granting a stay of discovery.

*3. Defendants' MTD Argument That Plaintiffs Have No Reasonable Expectation of Privacy In Their IP Addresses Is Unavailing and Will Likely Fail*

Defendants' argument that the "Plaintiffs have no reasonable expectation of privacy in their IP addresses, as required to establish a privacy violation" is also unavailing. MTS at 11. On the contrary, "[i]n determining statutory standing under CIPA, courts have held IP address collection for targeted advertisement, creates a concrete injury-in-fact." *R.C. v. Sussex Publishers, LLC*, 2025 WL 948060, at *3 (N.D. Cal. Mar. 28, 2025) (collecting cases); *see also Shah,* 754 F. Supp. 3d at 932 (finding statutory standing where "Plaintiffs plausibly allege that the collection of their IP addresses through the Trackers allows the third parties to obtain personally identifying, non-anonymized information, and that the IP addresses reveal geographical location and other personal information sufficient for third parties to conduct targeted advertising.") (cleaned up); *Mirmalek v. Los Angeles Times Communications LLC*, 2024 WL 5102709, at *4 (N.D. Cal. Dec. 12, 2024) (same); *Lesh v. Cable News Network, Inc.*, 767 F. Supp. 3d 33, 39 (S.D.N.Y. 2025) (same).

Furthermore, Plaintiffs' allegations are not just that the Third Parties collected Plaintiffs' IP addresses and other information without consent. The allegations are that through the information the Third Parties collect, *including* IP addresses, (i) Website users are identified by being linked to comprehensive, non-anonymous profiles maintained by data brokers; (ii) that such linkage occurs by bypassing the normal "restriction that sites can't read each other[s'] cookies"; and (iii) that those profiles are offered up for sale to a near endless supply of advertisers. *See, e.g.,* FAC ¶¶ 81-90, 94-95, 99, 101-106, 111, 113-115, 121-124, 128, 131-139, 144-147, 152, 156, 160-172, 178-186, 189-191, 193, 195-198, 202, 204-205, 207-213, 215- 216, 220-223, 229-233. It is for this reason that the California Legislature considers an "Internet Protocol address" to be "personal information" because it "identifies … or could reasonably be linked, directly or indirectly, with a particular consumer or household." Cal. Civ. Code § 1798.140(v)(1)(A).

Accordingly, regardless of any "privacy interest" in their IP addresses, Defendants' conduct injured Plaintiffs because the collection of Plaintiffs' IP addresses and other information by the Third

Parties "allowed the third parties to: (1) build a profile reflecting [their] personal information; and (2) interfere with [their] ability to remain anonymous." *Deivaprakash*, 798 F. Supp. 3d 1100.

Thus, Plaintiffs have sufficiently pled that they have a reasonable expectation of privacy in their IP addresses which weighs against granting a stay of discovery.

### B. The Court Cannot Decide The Motion To Dismiss Without Additional Discovery and Plaintiffs Have Identified A Need For Further Factual Development or Discovery

Defendants also argue that their MTD can be decided without additional discovery. MTS at 13. But their asserted grounds for dismissal are entirely factual and, as Defendants admit, "relate entirely to the sufficiency of Plaintiffs' allegations." *Id*. This is not a situation where they can assert that the grounds for dismissal are purely "legal[,] rather than factual." *See e.g., Ledwidge v. Fed. Deposit Ins. Corp.,* 2025 WL 885845, at *3 (N.D. Cal. Mar. 21, 2025) (finding that the pending motion "raises a threshold question regarding the Court's subject matter jurisdiction" that can be resolved "solely on the law" and thus "could be decided without further discovery.")

Here, the Defendants argue without basis that "discovery is obviously not necessary to determine whether Plaintiffs' allegations themselves regarding relevant data are sufficiently clear and precise to state a claim. These issues relate entirely to the sufficiency of Plaintiffs' allegations regarding the proper interpretation of the relevant statute and related legal authority. Additional discovery can lend no further clarity to the issues raised by Valnet's Motion to Dismiss." MTS at 13. But again, Defendants have not shown – and do not even mention – whether amending the FAC could resolve any purported shortcomings in Plaintiffs' allegations to make them stronger generally and specifically as related to the "proper interpretation of the relevant statute and related legal authority."

While Plaintiffs believe their claims are sufficiently pled to withstand a motion to dismiss, if the Court disagrees, Plaintiffs believe further factual development or discovery will strengthen and confirm their claims. Plaintiffs have already made requests to obtain discovery, including Plaintiffs' First Set of Requests for Production to Defendant Valnet U.S., Inc., Plaintiffs' First Set of Requests for Production to Defendant Valnet Inc., Plaintiffs' First Set of Interrogatories to Defendant Valnet U.S., Inc., Plaintiffs' First Set of Interrogatories to Defendant Valnet Inc., and Plaintiffs' First Set of

Requests for Inspection to Defendants Valnet Inc. and Valnet U.S., Inc. all of which are attached as Exhibits A-F, respectively, to the Declaration of Lucy Plovnick In Support of Defendants' MTS Discovery. On November 19, 2025, Plaintiffs also served subpoenas to obtain documents from Defendants' third-party trackers owned and operated by OpenX, PubMatic, Microsoft (ADNXS), Magnite, Experian, Epsilon, and LiveRamp.

After Plaintiffs obtain these documents, there would be a potential need for further amendments to the complaint. Because the potential for an amended pleading exists, and several of Plaintiffs' discovery requests are directly related to the factual allegations contained in Defendants' MTD regarding how Defendants' Software acts as a pen register; whether Device Metadata can qualify as "dialing, routing, addressing, or signaling information; and how Plaintiffs have a privacy interest in their IP addresses that are combined with the profiles maintained of them by data brokers, Plaintiffs may use the discovery to bolster their claims in those amended pleadings. Therefore, "discovery would not be wasted even if the Motion to Dismiss is granted since [Plaintiffs] could utilize the discovery responses to prepare an amended pleading." *San Francisco Tech v. Kraco Enterprises LLC*, 2011 WL 2193397, at *3 (N.D. Cal. June 6, 2011).

### C. Staying Discovery Will Cause Prejudice to Plaintiffs And Will Not Promote Court Efficiency

Any stay of this matter will cause Plaintiffs to suffer prejudice as it will impede Plaintiffs' ability to timely pursue relief against Defendants. Certainly, Plaintiffs have an interest in proceeding expeditiously with this litigation, which it commenced nearly one year ago. Discovery has already commenced with the parties' filing their Initial Disclosures on October 9, 2025, Plaintiffs' submitting their first set of discovery requests on November 26, 2025, and Plaintiffs' even serving subpoenas on third parties.

Staying discovery in this case will impede its efficient resolution and will not promote court efficiency. On October 9, 2025, the parties filed a Joint Case Management Statement in which Plaintiffs' deadline to file their motion for class certification was proposed as November 19, 2026. Accordingly, Plaintiffs must proceed with discovery, not only to bolster their factual allegations but also to prepare adequately for case management and for their motion for class certification.

Additionally, pursuant to the Court's rules, the Parties are required to file a stipulation selecting an ADR method and proposing a deadline to complete ADR. Therefore, Plaintiffs also need to engage in discovery to adequately prepare for productive alternative dispute resolution and efficiently resolve this case.

**V. CONCLUSION**

For the foregoing reasons, particularly since the Court cannot determine that the pending MTD can be decided absent additional discovery or whether leave to amend would be denied even if the MTD were granted, Plaintiffs respectfully request that the Court deny Defendants' motion and permit discovery to proceed.

Dated: January 13, 2026

**BURSOR & FISHER, P.A.**

By: *    /s/ Philip L. Fraietta    *

Philip L. Fraietta (State Bar No. 354768)
50 Main Street, Suite 475
White Plains, NY 10606
Telephone: (914) 874-0710
Facsimile: (914) 206-3656
Email: pfraietta@bursor.com

**BURSOR & FISHER, P.A.**
L. Timothy Fisher (State Bar No. 191626)
Kaili C. Lynn (State Bar No. 334933)
Joshua R. Wilner (State Bar No. 353949)
1990 North California Blvd., 9th Floor
Walnut Creek, CA 94596
Telephone: (925) 300-4455
Facsimile: (925) 407-2700
E-mail: ltfisher@bursor.com
klynn@bursor.com
jwilner@bursor.com

**BURSOR & FISHER, P.A.**
Max S. Roberts (State Bar No. 363482)
1330 Avenue of the Americas, 32nd Floor
New York, NY 10019
Telephone: (646) 837-7150
Facsimile: (212) 989-9163
Email: mroberts@bursor.com

*Attorneys for Plaintiffs*