KEVIN E. GAUT (SBN 117352)
keg@msk.com
MITCHELL SILBERBERG & KNUPP LLP
2049 Century Park East, 18th Floor
Los Angeles, CA 90067-3120
Telephone: (310) 312-2000
Facsimile: (310) 312-3100

LUCY H. PLOVNICK (*pro hac vice*) (DC Bar No. 488752)
lhp@msk.com
MITCHELL SILBERBERG & KNUPP LLP
1818 N. Street NW, 7th Floor
Washington, DC 20036
Telephone: (202) 355-7900
Facsimile: (202) 355-7899

Attorneys for Valnet Inc. and Valnet US Inc.
d/b/a Screenrant.com

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

DASSAH MAKETA, and BRYCE PEPPERS, individually and on behalf of all others similarly situated,

Plaintiffs,

v.

VALNET INC. and VALNET U.S., INC. d/b/a SCREENRANT.COM,

Defendants.

CASE NO. 3:25-CV-05517-RS

Hon. Richard Seeborg, District Judge

**DEFENDANTS VALNET INC. AND VALNET US INC.'S REPLY TO PLAINTIFF'S OPPOSITION AND IN FURTHER SUPPORT OF ITS MOTION TO STAY DISCOVERY**

Date: February 12, 2026
Time: 1:30 p.m.
Courtroom: 3

## TABLE OF CONTENTS

**Page**

I. INTRODUCTION .......... 5

II. VALNET'S MOTION TO DISMISS IS CASE DISPOSITIVE AND DOES NOT REQUIRE DISCOVERY .......... 5

A. The Pending Motion to Dismiss Is Case Dispositive .......... 5

B. The Pending Motion to Dismiss Can Be Resolved Without Discovery .......... 8

C. Staying Discovery Would Promote Efficiency and Would Not Prejudice the Litigants .......... 10

III. CONCLUSION .......... 10

# TABLE OF AUTHORITIES

**Page(s)**

## CASES

*Casillas v. Transitions Optical, Inc.*,
2024 WL 4873370 (Cal. Super. Sep. 09, 2024) .......... 7

*Ebner v. Fresh, Inc.*,
838 F.3d 958 (9th Cir. 2016) .......... 6

*Est. of Bock v. Cnty. of Sutter*,
2012 WL 94618 (E.D. Cal. Jan. 9, 2012) .......... 6

*In re Nexus 6p Prod. Liab. Litig.*,
2017 WL 3581188 (N.D. Cal. Aug. 18, 2017) .......... 5, 6, 9

*In re Wells Fargo Mortg. Modification Litig.*,
2025 WL 2961793 (N.D. Cal. Oct. 20, 2025) .......... 9

*Ji v. Naver Corp.*,
2022 WL 4624898 (N.D. Cal. Sept. 30, 2022) .......... 8

*Kishnani v. Royal Caribbean Cruises Ltd.*,
2025 WL 1745726 (N.D. Cal. 2025) .......... 8

*Ledwidge v. Fed. Deposit Ins. Corp.*,
2025 WL 885845 (N.D. Cal. Mar. 21, 2025) .......... 8, 9

*Licea v. Hickory Farms, LLC*,
2024 WL 1698147 (Cal. Super. Ct. Mar. 13, 2024) .......... 7

*Newman v. San Joaquin Delta Cmty. Coll. Dist.*,
2011 WL 1743686 (E.D. Cal. May 6, 2011) .......... 9

*Pac. Lumber Co. v. Nat'l Union Fire Ins. Co. of Pittsburgh, PA*,
220 F.R.D. 349 (N.D. Cal. 2003) .......... 5, 9

*People v. Larkin*,
194 Cal. App. 3d 650 (1987) .......... 7

*Quezambra v. United Domestic Workers of Am. AFSCME Loc. 3930*,
2019 WL 8108745 (C.D. Cal. Nov. 14, 2019) .......... 8, 9

*Reveal Chat Holdco, LLC v. Facebook, Inc.*,
2020 WL 2843369 (N.D. Cal. Apr. 10, 2020) .......... 6, 8

*Rutman Wine Co. v. E. & J. Gallo Winery*,
829 F.2d 729 (9th Cir. 1987) .......... 10

# TABLE OF AUTHORITIES
(continued)

**Page(s)**

*San Francisco Tech. v. Kraco Enters. LLC*,
2011 WL 2193397 (N.D. Cal. June 6, 2011) .......... 9

*Smith v. Maryland*,
442 U.S. 735 (1979) .......... 7

**STATUTES**

Cal. Penal Code
§ 638.50(b) .......... 7
§ 638.51(a) .......... 6

**OTHER AUTHORITIES**

Fed. R. Civ. P. 15(a)(2) .......... 6

**MEMORANDUM OF POINTS AND AUTHORITIES**

## I. INTRODUCTION

In their opposition, Plaintiffs attempt to argue that Valnet US Inc. and Valnet Inc. (collectively, "Valnet") failed to meet the heavy burden required to stay discovery. Opp. at p. 2. In doing so, however, Plaintiffs misconstrue the applicable standard by arguing that continued discovery may help Plaintiffs to amend the complaint. Opp. at p. 6. This is not the right inquiry.

Plaintiffs concede that federal district courts in this Circuit have applied a two-part test providing that it is appropriate to stay discovery if (i) a pending motion is "potentially dispositive of the entire case," or at least dispositive on the issue at which discovery is directed, and (ii) the pending dispositive motion can be decided absent additional discovery. *Pac. Lumber Co. v. Nat'l Union Fire Ins. Co. of Pittsburgh, PA*, 220 F.R.D. 349, 351 (N.D. Cal. 2003); Opp. at p. 2. The inquiry for this Court should therefore begin and end with answering those two questions. Both factors are satisfied here.

*First*, Valnet's Motion to Dismiss (Dkt. 22) ("Motion to Dismiss"), is potentially dispositive of all claims. *Second*, Valnet's Motion to Dismiss does not raise factual issues that would require discovery. Plaintiffs do not meaningfully dispute that Valnet's pending Motion to Dismiss is potentially dispositive of all issues in this case, nor do they explain how discovery is necessary to resolve any issue raised by that dispositive motion. *Finally*, Plaintiffs offer no showing of prejudice that would result from a temporary stay of discovery.

## II. VALNET'S MOTION TO DISMISS IS CASE DISPOSITIVE AND DOES NOT REQUIRE DISCOVERY.

### A. The Pending Motion to Dismiss Is Case Dispositive

As explained above, to decide on the motion to stay discovery courts in this Circuit have adopted a two-prong test. *Pac. Lumber Co.*, 220 F.R.D. at 351. As to the first prong of the test, the Court takes a "preliminary peek" at the merits of the underlying motion to dismiss in considering whether a limited stay of discovery is warranted. *See In re Nexus 6p Prod. Liab. Litig.*, 2017 WL 3581188, at *2 (N.D. Cal. Aug. 18, 2017). But that "preliminary peek" at the merits of the underlying motion is not supposed to convert into a determination on the motion

itself. Such a preliminary assessment is undertaken solely to evaluate whether the motion is potentially dispositive. *Nexus*, 2017 WL 3581188, at *2 (In taking its preliminary peek, the Court "***need not*** determine" whether it will ultimately grant the motion to dismiss, nor must the arguments in favor of dismissal be a "silver bullet defense.") (Emphasis added). Even if a motion to dismiss is "not . . . surely [to] be granted," a court may still stay discovery if "it is quite possible that some claims and/or defendants might be eliminated by the motion." *Est. of Bock v. Cnty. of Sutter*, 2012 WL 94618, at *2 (E.D. Cal. Jan. 9, 2012).

Valnet's Motion to Dismiss presents strong arguments, which could prove difficult for Plaintiffs to overcome, "***even considering that leave to amend is freely given***." *Reveal Chat Holdco, LLC v. Facebook, Inc*., 2020 WL 2843369, at *3 (N.D. Cal. Apr. 10, 2020). (emphasis added); *Ebner v. Fresh, Inc*., 838 F.3d 958, 968 (9th Cir. 2016); Fed. R. Civ. P. 15(a)(2). Plaintiffs contend that "Defendants have not shown that the Motion to Dismiss will be granted without leave to amend" (Opp. at p. 5), but Valnet is not required to demonstrate that amendment of the First Amended Complaint ("FAC") would be futile—that showing is not part of the test adopted by courts in this Circuit. Moreover, Plaintiffs ignore the fact that Valnet is seeking dismissal of the case without leave to amend because the software in question is not a "pen register," and Plaintiffs' expansive interpretation of the statute is not supported by neither the statutory wording, nor the legislative history. *See* Valnet's Reply in Support of the Motion to Dismiss (Dkt. 27) at 7, 10, 11; Motion to Dismiss at 9.

Plaintiffs' attempts to grapple with the merits of Valnet's Motion to Stay Discovery ("Motion to Stay") are likewise misplaced because on a motion to stay discovery, the question is only whether the motion to dismiss is potentially dispositive of the entire case. *Reveal*, 2020 WL 2843369, at *3. Plaintiffs' motion meets this standard. As explained in the Motion to Stay, the Motion to Dismiss is case dispositive since the FAC alleges a single cause of action for alleged violation of California Invasion of Privacy Act, Cal. Penal Code § 638.51(a) ("CIPA"). FAC ¶¶ 244-254. The Motion to Dismiss seeks dismissal of that cause of action on multiple grounds. Motion to Stay at 10.

Plaintiffs' claim fails because they cannot allege that the software in question transfers data that is covered by CIPA. As explained in the Motion to Dismiss, CIPA is not applicable here because the Software described in the FAC is not a "pen register," as it does not record data that constitutes "dialing, routing, addressing, or signaling information." CIPA § 638.50(b); Motion to Dismiss at 13. Plaintiffs' attempts to conflate the data actually transmitted by the Software with data that could potentially be linked by third parties, and allegations related to the conduct of third parties (Opp. at 11), are misplaced. Data solely held by third parties cannot constitute "dialing, routing, addressing, or signaling information" covered by CIPA. Similarly, Plaintiffs cannot claim that device metadata like the type of browser, screen size/resolution, or time zone qualifies as "dialing, routing, addressing, or signaling information" because it is not akin to dialed telephone numbers. Motion to Dismiss at 14.

Furthermore, neither the plain text of CIPA nor the legislative history supports an expansive interpretation of the statute. While the definition of a "pen register" under CIPA does not explicitly mention landlines or telephones, all elements of the definition are tailored for the types of devices that have historically been understood to be pen registers—physical devices installed on a landline telephone to make a record of the phone numbers dialed from that phone and used by law enforcement for surveillance. *See Smith v. Maryland*, 442 U.S. 735, 736 n.1 (1979) ("A pen register is a mechanical device that records the numbers dialed on a telephone by monitoring the electrical impulses caused when the dial on the telephone is released."); *see also People v. Larkin*, 194 Cal. App. 3d 650, 653 n.2 (1987) (same)). Applying the pen register statute to IP addresses jeopardizes the function of the Internet and would lead to an absurd interpretation of the statute, because collection of IP addresses is part of the normal functioning of the Internet. *Licea v. Hickory Farms, LLC*, 2024 WL 1698147, at *4 (Cal. Super. Ct. Mar. 13, 2024); *see also Casillas v. Transitions Optical, Inc.*, 2024 WL 4873370, at *4 (Cal. Super. Sep. 09, 2024) (CIPA's pen register statute does not "criminalize the process by which all websites communicate with all users who choose to access them.").

Finally, Plaintiffs cannot claim their privacy rights were violated because they do not have a specific, legally protected privacy interest in their computers' IP addresses, nor do they have a

reasonable expectation of privacy in their IP addresses. *See* Motion to Dismiss at 14. See e.g., *Ji v. Naver Corp.*, 2022 WL 4624898, at *2 (N.D. Cal. Sept. 30, 2022) (collection of "***user and device*** identifiers" could not give rise to "a privacy injury") (emphasis added); *Kishnani v. Royal Caribbean Cruises Ltd.*, 2025 WL 1745726, at *4 (N.D. Cal. 2025).

Lastly, Plaintiffs have failed to clearly allege the elements of a "pen register" in the FAC. Motion to Dismiss at 20-21. This is a *separate* and additional reason for Plaintiffs' FAC to fail. Motion to Dismiss at 21. Valnet sought dismissal with prejudice and presented multiple grounds for dismissing the single claim in Plaintiff's FAC. *Id.* Therefore, Valnet has presented multiple arguments that independently warrant dismissal of the FAC without leave to amend. Because the Motion to Dismiss is dispositive of the entire case, the first prong of the two-prong test for a motion to stay is satisfied.

### B. <u>The Pending Motion to Dismiss Can Be Resolved Without Discovery</u>

The second prong of the test employed in this Circuit to determine whether to stay discovery is warranted is whether "the pending, potentially dispositive motion can be decided absent additional discovery." *Quezambra v. United Domestic Workers of Am. AFSCME Loc. 3930*, 2019 WL 8108745, at *2 (C.D. Cal. Nov. 14, 2019). Discovery is not warranted where the motion to dismiss is "based solely on the allegations in the Complaint and does not raise any factual issues." *Reveal Chat Holdco*, 2020 WL 2843369, at *3 (citing *Jarvis v. Regan*, 833 F.2d 149, 155 (9th Cir. 1987) ("Discovery is only appropriate where there are factual issues raised by a Rule 12(b) motion.")).

Plaintiffs argue that the "grounds for dismissal" asserted in Valnet's Motion to Dismiss are "entirely factual" but fails to identify a single issue of fact raised by the Motion to Dismiss. As set forth in the Motion to Dismiss, Valnet's arguments for dismissal all assume the truth of Plaintiffs' allegations, and explain that even if true, Plaintiffs' claim fails because the legal theories it is premised on are incorrect and because Plaintiffs have not alleged the elements of their claim with sufficient clarity. Fact discovery cannot clarify whether a particularly legal theory is viable. Nor can it remedy the fact that Plaintiffs' allegations themselves are insufficiently clear. *Ledwidge v. Fed. Deposit Ins. Corp.*, 2025 WL 885845, at *3-4 (N.D. Cal. Mar. 21, 2025)—cited by

Plaintiff—is instructive. As in that case, Valnet's Motion to Dismiss raises "threshold question[s] . . . based on . . . purely legal issue[s]" and "relies on the pleadings and on legal authorities." This Court should stay discovery, just as the court did in *Ledgwidge*. *Id.* Plaintiffs fail to identify a single fact that could aid in determining whether their allegations *as pled* are sufficient.

Recognizing this, Plaintiffs misconstrue this prong—rather than focusing on whether discovery is necessary to adjudicate the Motion to Dismiss, Plaintiffs argue that "further factual development or discovery will strengthen and confirm their claims." Opp. at p. 6. But, as explained in the Motion to Dismiss, even if Plaintiffs' claims were "confirmed", they would fail.

In fact, Plaintiffs suggest that discovery will give rise to "need for further amendments to the complaint."[1] Opp. at p. 7. The second prong does not concern whether discovery will enable Plaintiffs to amend their complaint, it asks "whether the pending motion can be decided absent additional discovery." *Pac. Lumber Co.*, 220 F.R.D. at 351; *see also Quezambra*, 2019 WL 8108745, at *2 (granting stay and noting that "[D]iscovery at the pleading stage is only appropriate where factual issues are raised by a Rule 12(b) motion."). "Here, the Motion to Dismiss is potentially dispositive, as said Motion to Dismiss consists of arguments directed at every claim in the operative complaint, and, even assuming, as Plaintiffs argue, they are likely to be afforded leave to amend any deficiently pleaded claim, such possibility does not change the character of the Motion to Dismiss, which remains potentially dispositive." *In re Wells Fargo Mortg. Modification Litig.*, 2025 WL 2961793, at *1 (N.D. Cal. Oct. 20, 2025) (granting motion to stay); *Nexus*, 2017 WL 3581188, at *2 (finding first prong satisfied because, even though leave to amend is freely given, defendant's motion was potentially dispositive).

[1] Notably, Plaintiffs fail to explain how further discovery and subsequent amendment could possibly address the fundamental legal failings of their claim. As such, they have failed to demonstrate that "there is greater benefit to allowing discovery to proceed at this time even though such discovery is not required to resolve [the] Motion to Dismiss." *San Francisco Tech. v. Kraco Enters. LLC*, 2011 WL 2193397, at *3 (N.D. Cal. June 6, 2011). This failure demonstrates that "plaintiffs simply wish to rummage around in [defendant's records] in furtherance of an unfocused fishing expedition." *Newman v. San Joaquin Delta Cmty. Coll. Dist.*, 2011 WL 1743686, at *4 (E.D. Cal. May 6, 2011).

### C. Staying Discovery Would Promote Efficiency and Would Not Prejudice the Litigants

Plaintiffs fail to identify any "hardship" or "prejudice" that they would suffer from a discovery stay. They argue that "Plaintiffs have an interest in proceeding expeditiously with this litigation" but the same could be said of virtually every plaintiff. Opp. at p. 7. The only potential time constraint identified by the Plaintiffs is the proposed November 19, 2026 deadline to move for class certification, which was included in the initial Case Management Statement filed by the parties back on October 9, 2025. (Dkt. 29). Not only is that date *ten months away*, but it is a *proposed* deadline, as the Court has not yet held an initial case management conference or entered a Scheduling Order in this case. (Dkt. 39). Plaintiffs have not identified a single material impact they will suffer if the brief discovery stay sought by Valnet is granted.

Valnet, on the other hand, is threatened with full-blown discovery which, given the nature of the action and Plaintiffs' discovery requests, will likely be especially costly, and, given the fundamental legal issues with Plaintiffs' claims, will likely prove entirely unnecessary. *Rutman Wine Co. v. E. & J. Gallo Winery*, 829 F.2d 729, 738 (9th Cir. 1987) ("It is sounder practice to determine whether there is any reasonable likelihood that plaintiffs can construct a claim before forcing the parties to undergo the expense of discovery."). Furthermore, as explained in Valnet's Motion to Stay, Plaintiffs' discovery requests pose a likely needless invasion into the privacy interests of countless third parties. Motion to Stay at 14. Allowing discovery to proceed in the face of Valnet's pending motion would nullify the very efficiencies contemplated by the resolution of the dispute as a matter of law at the pleading stage. *Id.* ("The purpose of [Rule] 12(b)(6) is to enable defendants to challenge the legal sufficiency of complaints without subjecting themselves to discovery.").

## III. CONCLUSION

For the foregoing reasons, Valnet's Motion to Stay should be granted.

DATED: January 20, 2026

Respectfully Submitted,

LUCY HOLMES PLOVNICK
MITCHELL SILBERBERG & KNUPP LLP

By: */s/ Lucy Holmes Plovnick*
Lucy Holmes Plovnick
Attorney for Valnet Inc. and Valnet US Inc. d/b/a Screenrant.com