UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

DASSAH MAKETA, et al.,

Plaintiffs,

v.

VALNET INC., et al.,

Defendants.

Case No. 25-cv-05517-RS

**ORDER DENYING MOTION TO DISMISS AND MOTION TO STAY**

In their pending motion to dismiss, defendants Valnet US Inc. and Valnet Inc. (collectively, "Valnet") acknowledge the First Amended Complaint in this putative class action alleges a single claim for relief, based on alleged violation of California Penal Code § 638.51(a). Valnet contends plaintiffs seek to hold it liable "for thousands of dollars in statutory damages solely because Valnet allegedly collects visitors' IP addresses and device metadata through its ScreenRant website . . . and Polygon website . . . which provide movie, television, and gaming reviews and information." Valnet explains the information allegedly is collected and transmitted by two "pixels" operated by third parties: the ADNXS Tracker and OpenX Tracker.

With specified exceptions, Penal Code § § 638.51(a) provides that "a person may not install or use a pen register or a trap and trace device without first obtaining a court order." Valnet's motion to dismiss contends dismissal under Rule 12(b)(6) is warranted because (1) the software described in the complaint is not a "pen register," as defined by the statute, and; (2) the complaint fails to plead all requisite statutory elements of a "pen register."

United States District Court
Northern District of California

The arguments Valnet makes, however, have been consistently rejected by the federal courts. *See, e.g. Krzyzek v. OpenX Techs., Inc.,* No. 25-CV-05588-SI, 2026 WL 206855, at \*9 (N.D. Cal. Jan. 27, 2026)("Numerous courts in this district and elsewhere have already found pixels to be 'pen registers' at the pleading stage, and OpenX's arguments tread no new ground."); *see also Fregosa v. Mashable Inc.*, 2025 WL 2886399, at \*2 (N.D.Cal. Oct. 9, 2025) ("Several judges in this district, including Judges Lin, Orrick, Pitts, Ryu, Tigar, and [Breyer], have held that such allegations suffice at the pleading stage."); *Bradshaw v. Lowe's Companies, Inc.*, 2025 WL 3171740, at \*7 (S.D. Cal. Nov. 12, 2025) ("[T]he case law is not in Defendants' favor. Indeed, it uniformly supports the opposite outcome"); *Echeverria-Corzan v. Fox Corp.*, No. 2025 WL 3128194, at \*1 (N.D. Cal. Nov. 7, 2025) (denying motion to dismiss "[f]or the same reasons that those earlier courts found that challenged online tracking software could violate CIPA.")

Although Valnet correctly notes the numerous district court decisions are not controlling, its suggestion that the court chart a different path in this case is not persuasive. The previously submitted motion to dismiss is denied. In light of this disposition, Valnet's motion to stay discovery is denied as moot, and the hearing thereon is vacated.

**IT IS SO ORDERED**.

Dated: February 6, 2026

_____
RICHARD SEEBORG
Chief United States District Judge

CASE NO. 25-cv-05517-RS

2